# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-1538V
UNPUBLISHED

| | |
|---|---|
| HELENA MCHALE,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: September 16, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Bruce William Slane, Law Office of Bruce W. Slane, P.C., White Plains, NY, for Petitioner.*

*Tyler King, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On November 6, 2020, Helena McHale filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine injury ("SIRVA"), a defined Table injury, after receiving the influenza vaccine on October 8, 2019. Petition at 1, ¶¶ 2, 23. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 22, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On September 16, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $62,500.00 for her pain and suffering and $225.02 for satisfaction of the Saratoga County Department

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

of Social Services Medicaid lien. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award $62,725.02 as follows:**

1. **A lump sum payment of $62,500.00 in the form of a check payable to Petitioner; and**

2. **A lump sum payment of $225.02, representing reimbursement of a Medicaid lien for services rendered to Petitioner by the Saratoga County Department of Social Services, in the form of a check payable jointly to Petitioner and Saratoga County Department of Social Services, and mailed to:**

Saratoga County Department of Social Services
152 West High Street
Ballston Spa, New York 12020

Proffer at 2. Petitioner agrees to endorse the check to Saratoga County Department of Social Services for satisfaction of the Medicaid lien. This amount represents compensation for all items of damages that would be available under Section 15(a). *Id.*

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

|  |  |  |
|---|---|---|
| | ) | |
| HELENA MCHALE, | ) | |
| | ) | No. 20-1538V ECF |
| Petitioner, | ) | Chief Special Master Corcoran |
| | ) | ECF |
| v. | ) | |
| | ) | |
| SECRETARY OF HEALTH AND | ) | |
| HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION[1]**

On November 6, 2020, Helena McHale ("petitioner") filed a petition for compensation ("petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to - 34, *as amended*. She alleges that she sustained a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, within the Table time period following administration of an influenza ("flu") vaccine she received on October 8, 2019. *See* Petition. On July 22, 2022, respondent filed his Vaccine Rule 4(c) report, indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury. ECF No. 35. On July 22, 2022, the Chief Special Master issued a ruling on entitlement, finding that petitioner was entitled to compensation for a SIRVA Table injury. ECF No. 37.

**I.     Compensation for Vaccine Injury-Related Items**

   A.  Pain and Suffering

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of **$62,500.00** for pain and suffering, in the form of a check payable to petitioner. Petitioner agrees.

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

B.  Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy the Saratoga County Department of Social Services Medicaid lien in the amount of **$225.02**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the Saratoga County Department of Social Services may have against any individual as a result of any Medicaid payments Saratoga County Department of Social Services has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her alleged vaccine-related injury suffered on or about October 8, 2019, under Title XIX of the Social Security Act.

The above amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.  Form of the Award

The parties recommend that compensation provided to petitioner should be made  through two lump sum payments described below, and request that the Chief Special Master's decision and the Court's judgment award the following: [2]

A.  A lump sum payment of **$62,500.00** in the form of a check payable to petitioner; and

B.  A lump sum payment of **$225.02**, representing compensation for satisfaction of Saratoga County Department of Social Services Medicaid lien, in the form of a check payable jointly to petitioner and:

Saratoga County Department of Social Services
152 West High Street
Ballston Spa, New York 12020

Petitioner agrees to endorse the check to Saratoga County Department of Social Services for satisfaction of the Medicaid lien.

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

<div style="margin-left:50%">

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

s/ Tyler C. King
TYLER C. KING
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-0730
Tyler.King@usdoj.gov

</div>

Dated:  September 16, 2022